IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) B.J. CON/SEW CORP. d/b/a B.J. CON-SEW, INC. ) ) ) Defendant. ) | CIVIL ACTION NO. 1:11-cv-00450 COMPLAINT **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin (Hispanic), and to provide appropriate relief to Jason Ramirez who was adversely affected by such practices. As articulated below in greater detail, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant, B.J. Con-Sew, Inc. ("Defendant") discriminated against Ramirez by subjecting him to a hostile work environment because of his national origin, Hispanic. The Commission further alleges Ramirez was constructively discharged as a result of the harassment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42

U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the U.S. District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. Defendant is a North Carolina corporation with its principal place of business in Asheboro, North Carolina.

5. At all relevant times, Defendant has continuously been doing business in the State of North Carolina and the City of Asheboro and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Jason Ramirez filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. From approximately July 2006 until around June 9, 2008, Defendant engaged in unlawful employment practices at its facility located at 321 Industrial Park Drive in Asheboro, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant discriminated against Ramirez based on his national origin by subjecting him to severe or pervasive national origin-related comments that created a hostile work environment. The offensive conduct occurred on a daily or near-daily basis, from as early as approximately July 2006 through June 9, 2008, and was perpetrated by Defendant's employees, one of whom was Ramirez' co-worker and another employee who eventually became Ramirez' immediate supervisor. These employees made disparaging remarks about Ramirez based on his national origin, as well as Hispanics and/or Mexicans in general, as more specifically described below.

9. Shortly after Ramirez began working for Respondent, in or around July 2006, his co-worker ("Co-worker I") called him "stupid motherfucking wetback." After the initial incident, the same co-worker referred to Ramirez as "wetback," "dumb, stupid Mexican," "crazy Mexican," and other ethnic slurs on a daily basis, at least four times per week. In addition, Co-worker I referred to Ramirez, who is half-Hispanic, as a "half-breed" at least two times per week. On a daily or near-daily basis, Co-worker I also made offensive comments to Ramirez about Mexicans in general, such as "dumb Mexicans fuck everything up," "when Mexicans go to the bathroom, the shit they eat stinks so badly that the bathrooms stink," and describing Mexican food as "dog food."

10. From around July 2006 until around June 9, 2008, another co-worker ("Co-worker II") of Ramirez, referred to Ramirez as "wetback" and "crazy Mexican" at least

3

one or two times per week. Co-worker II also made derogatory comments about Mexicans in general, for example, that "Mexicans screw everything in the U.S. up." He also made derogatory comments about the food that Mexicans eat and their hygiene, describing both as "nasty." In approximately January of 2008, Co-worker II became Ramirez's immediate supervisor. After becoming Ramirez's immediate supervisor, Co-worker II continued to make derogatory comments like those describe above, to Ramirez at least one or two times per week.

11. Ramirez complained about the harassment by his co-workers and supervisor multiple times to Defendant's managers. Ramirez first complained to Defendant's Plant Manager in or around July 2006 after Co-worker I called him a "stupid motherfucking wetback." However, the harassment continued the following week when Co-worker I called Ramirez "wetback." Ramirez also complained to Defendant's Plant Manager about the harassing conduct of Co-worker II. Both co-workers continued to harass Ramirez despite any of his complaints to Defendant's Plant Manager.

12. From approximately October 2007 through around January 2008 Ramirez complained multiple times to Defendant's then Cutting Department Supervisor about the conduct of Co-worker I. He specifically complained that Co-worker I called him "wetback," "crazy Mexican," and "half breed."

13. The Cutting Department Supervisor also overheard Co-worker I call Ramirez "wetback," "damn Mexican," "crazy Mexican," and "half-breed," and make derogatory comments about the food that Hispanics eat. The Cutting Department Supervisor also overheard Co-worker II call Ramirez "stupid Mexican." The Cutting

4

Department Supervisor told Defendant's Plant Manager about Ramirez's complaints about the harassment around three to five times. However, the harassment continued.

14. When Co-worker II became Ramirez's supervisor in approximately January 2008, Ramirez complained to him about harassment by Co-worker I. In approximately mid-May 2009, Ramirez also complained to Defendant's Owner about the harassment by Co-worker I. However, Ramirez continued to be harassed by both co-workers.

15. On or about June 9, 2008, Ramirez arrived to work and was subjected to more harassment by Co-worker I. For example, Co-worker I told Ramirez to "get out of my way wetback." Ramirez resigned by walking off the job because he could no longer tolerate the harassment.

16. Defendant is liable for subjecting Ramirez to a hostile work environment because one of the harassers who created the hostile work environment was a supervisor in the direct line of authority over Ramirez. Defendant is also liable for subjecting Ramirez to a hostile work environment because Defendant knew or should have known about the harassment yet failed to take effective action to stop it.

17. The effect of the practices complained of above has been to deprive Jason Ramirez of equal employment opportunities, and otherwise adversely affect his status as an employee because of his nation origin, Hispanic.

18. The unlawful employment practices complained of above were intentional.

19. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jason Ramirez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a hostile work environment based on national origin or from any other employment practice that discriminates on the basis of national origin.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for Hispanics, which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Jason Ramirez whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

E. Order Defendant to make Jason Ramirez whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make Jason Ramirez whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained

of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

G. Order Defendant to pay punitive damages to Jason Ramirez for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 6th day of June, 2011.

> Respectfully submitted,
>
> P. DAVID LOPEZ
> General Counsel
>
> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M. Street, NE
Fourth Floor, Suite 4NWO2F
Washington, D.C. 20507

**/s/ Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar # 19732)
Regional Attorney

TINA M. BURNSIDE (WI Bar No. 1026965)
Supervisory Trial Attorney

**/s/ Darryl L. Edwards**
DARRYL L. EDWARDS (PA Bar ID #205906)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6467
Facsimile: (704) 954-6412
E-mail: darryl.edwards@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**