IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

U.S. EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
 )
      Plaintiff, )
 )
v. ) 1:11CV450
 )
B.J. CON/SEW CORP., d/b/a )
B.J. CON-SEW, INC., )
 )
      Defendant. )

## CONSENT DECREE

The U.S. Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant, B.J. Con/Sew Corp. d/b/a B.J. Con-Sew, Inc. ("Defendant") discriminated against Jason Ramirez by subjecting him to a hostile work environment based on his national origin, Hispanic. Further, the Complaint alleges that Ramirez was constructively discharged as a result of the harassment.

The Commission and Defendant hereby stipulate to jurisdiction of this court over the parties and agree that the subject matter of this action is properly before this court.

The parties have advised this court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this court, made on the pleadings and the record as a whole, that: (1) the court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant shall not maintain a hostile work environment, or subject any employees to a hostile work environment based on national origin, in violation of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3. Defendant shall pay Jason Ramirez the sum of $75,000 in settlement of the claims raised in this action (all reported on Form 1099). Defendant shall make payment by issuing three checks

payable to Jason Ramirez in three payments. The first payment of $40,000 shall be made within fifteen (15) days after the court approves this Consent Decree, and Defendant shall mail the check to Mr. Ramirez at an address provided by the Commission. The second payment of $17,500 shall be made within three months of the date that the court approves this Consent Decree, and Defendant shall mail the check to Mr. Ramirez at an address provided by the Commission. The third payment of $17,500 shall be made within six months of the date that the court approves this Consent Decree, and Defendant shall mail the check to Mr. Ramirez at an address provided by the Commission. Within ten (10) days after proof of delivery is received by Defendant, Defendant shall send to the Commission a copy of the check and proof of its delivery. Should Defendant fail to mail the first or second payment by the due date, the Defendant shall be considered to be in default of such payment and the total balance owed shall be due and owing immediately.

4. Within ten (10) days of the entry of this Decree by the court, Defendant shall eliminate from the employment records of Jason Ramirez any and all documents, entries, or references of any kind relating to the filing of EEOC Charge Number 435-2009-00136 and the related events that occurred thereafter, including this litigation. Within fifteen (15) days of the entry of this

Decree by the court, Defendant shall report compliance with this provision to the Commission.

5. Defendant shall provide Jason Ramirez with a neutral letter of reference, signed by Defendant's owner, Jerry Trotter, which is attached hereto as Exhibit A. Within ten (10) days of the entry of this Decree by the court, the original, signed letter of reference shall be provided to Mr. Ramirez at an address provided by the Commission. Jason Ramirez is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Mr. Ramirez from a potential employer, it will provide only the information set forth in the letter of reference in response.

6. Defendant has in place a policy that forbids harassment on the basis of national origin and other protected groups, and establishes procedures for reporting harassment as well as thorough and immediate investigation of employee complaints of harassment. Defendant's policy is attached hereto as Exhibit B. Defendant shall maintain the policy throughout the term of this Decree. Further, within thirty (30) days of the entry of this Decree by the court, Defendant shall redistribute its policy to each employee, manager, and supervisor. Within forty-five (45) days after the Consent Decree is entered, Defendant will notify the Commission of its compliance with this provision. Finally,

-4-

during the term of this Decree, Defendant shall review its policy with each new employee at the time of hiring.

7. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 6, in a place where it is visible to employees, in English and in Spanish. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within thirty (30) days after this Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against harassment in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion

of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C and hereby made a part of this Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the court of this Decree. The reports will include the following information:

> A. the identities of all individuals who complain, either verbally or in writing, of unwelcome conduct based on their national origin, including by way of identification each person's name, address, telephone number, position, and social security number;

B.  the date of the complaint and to whom the complaint was made;

C.  summary of the complaint; and

D.  A description of actions taken in response to the complaint.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facility, interview employees, and examine and copy documents. If the Commission intends to interview employees and examine and copy documents, the Commission will provide forty-eight (48) hours notice to Defendant.

12. If anytime during the term of this Decree, the Commission believes Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for three (3) years from its entry by the court.

-7-

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-Decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

**IT IS SO ORDERED.**

_____8-24-2012_____   _____William L. Osteen_____
Date                     United States District Judge

The parties jointly request that the Court approve and enter this Consent Decree.

This 3rd day of July, 2012.

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff.** | **B.J. CON/SEW CORPORATION, Defendant.** |
| P. DAVID LOPEZ<br>General Counsel | **/s/ Jon Wall**<br>Jon Wall (NC #22839)<br>ROBERTSON MEDLIN & BLOSS, PLLC |
| JAMES L. LEE<br>Deputy General Counsel | 127 N. Greene Street, Third Floor<br>Greensboro, NC 27401<br>Telephone: (336) 378-9881 |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | Facsimile: (336) 378-9886<br>Email: jwall@robertsonmedlin.com |
| **/s/ Lynette A. Barnes**<br>LYNETTE A. BARNES (NC Bar #19732)<br>Regional Attorney | **ATTORNEYS FOR DEFENDANT** |

TINA BURNSIDE (WI Bar #1026965)
Supervisory Trial Attorney

**/s/ Darryl L. Edwards**
DARRYL L. EDWARDS (PA Bar ID # 205906)
Trial Attorney

US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Direct Dial Telephone: (704) 954-6467
Facsimile: (704) 954-6412
Email: darryl.edwards@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

BJ CON-SEW, INC.
321 Industrial Park Ave.
P.O. Box 4780
Asheboro, NC 27204

TO WHOM IT MAY CONCERN:

We hope the following information about Jason Ramirez is helpful to you in considering him for employment. Mr. Ramirez began working for B.J. Con-Sew, Inc. in April 2007 as a Cloth Cutter in our Cutting Department. He worked without incident during his tenure with our company. In April 2008, Mr. Ramirez was awarded a pay raise to $11.00/hour. He resigned his employment on June 9, 2008.

Sincerely,

*Jerry L. Trotter* (signature)

Jerry Trotter, Owner
BJ CON-SEW, INC.

**Exhibit A**

BJ Con-Sew is committed to customer service by producing quality products in a timely manner. BJ Con-Sew recognizes that the disciplines of quality, health, safety, and environmental management are an integral part of its management function. We view these as primary responsibilities. We also believe that the key to good business is adopting appropriate quality standards, and we follow ISO 9001:2000 guidelines to help with this goal.

### EMPLOYMENT:
Employees voluntarily choose to be employed with BJ Con-Sew, and an Employee is free to resign at will, at any time, for any reason. Similarly, BJ Con-Sew may terminate the employment relationship at any time, for any reason and even without notice, so long as there is no violation of applicable law.

### PROBATIONARY EMPLOYMENT PERIOD:
The probationary employment period is intended to give new or rehired Employees the opportunity to demonstrate their ability to achieve a satisfactory level of performance and to determine whether the new position meets their expectations. BJ Con-Sew uses this period to evaluate employee capabilities, work habits and overall performance of the new or rehired employee. The probationary employment period typically lasts for the first 90 calendar days after the date of hire. During this period, supervisors will more closely monitor the performance of new or rehired Employees.

### CONFIDENTIALITY:
The protection of confidential business information from unauthorized use or disclosure is vital to the interests and success of BJ Con-Sew. Some confidential information includes, but are not limited to, computer programs, financial information, pending and future projects and proposals, research and development strategies, technological data, customer lists, production processes, technological prototypes and data. Employees who have access to confidential information may be required to sign a non-disclosure agreement. Employees who improperly use or disclose trade secrets or confidential business information will be subject to action, including disciplinary action or even immediate termination of employment, and in appropriate situations, legal action.

### PERSONAL INFORMATION CHANGES:
It is YOUR responsibility to keep your personal information, such as name, address, dependents, withholding and similar information up to date at all times. Please notify a member of Human Resources in the front office if you have changes to your personal information, which is kept confidentially, safe and secure.

### EQUAL EMPLOYMENT OPPORTUNITY:
In order to provide equal employment and advancement opportunities to all individuals, employment decisions at BJ Con-Sew will be based on qualifications, seniority, abilities and other relevant business needs. BJ Con-Sew does not discriminate in employment opportunities or practices on the basis of race, color, religion, gender, ethnicity, veterans status, sexual orientation, national origin, age, mental or physical disability, or any other characteristic protected by law. All employees are responsible for maintaining an environment free of discrimination and harassment through their own conduct in the workplace. An Employee with questions or concerns about any type of discrimination or harassment in the workplace is

encouraged to bring these issues to the attention of their supervisor, any member of management, or Human Resources. Anyone found to be engaging in any type of prohibited discrimination or harassment will be subject to action, including disciplinary action or even immediate termination of employment.

### DISABILITY ACCOMMODATION:
BJ Con-Sew is committed to complying fully with the Americans with Disability Act (ADA) or other applicable similar laws and ensuring equal opportunity in employment for qualified persons with physical or mental disabilities. All employment practices and activities are conducted on a non-discriminatory basis.

### EMPLOYEE SUGGESTION BOX:
BJ Con-Sew is built upon the principles of fair dealing and ethical conduct of our Employees, and we value your observations, suggestions and opinions. There is a Suggestion Box near the time clock to allow employees to report confidentially, even anonymously, any situation that could affect the safety or security of our work environment or business or pose a financial or legal risk to the company. Employees are always encouraged to bring these concerns to the attention of their supervisor or Human Resources directly, but the confidential Suggestion Box is available. Please be specific as possible when providing information.

### EMPLOYEE BENEFITS:
Eligible BJ Con-Sew Employees are provided with a range of benefits. Please consult Human Resources if you have any questions about what benefit programs are available at any point in time. Additional information about the following plans can be obtained by contacting the Human Resources department:

- Medical Insurance
- Dental Insurance
- Life Insurance Plan
- AFLAC benefits

If employment with BJ Con-Sew terminates, all benefits can be continued through the Federal Consolidated Omnibus Budget Reconciliation Act (COBRA). Under COBRA, the Employee or beneficiary pays the full cost of coverage at BJ Con-Sew's group rates plus an administration fee. Please see a member of Human Resources for more information.

### HOLIDAYS AND VACATION:
Regular Employees working a 10-hour shift assignment are eligible each year for the following holidays: New Year's Day, Easter, Independence Day, Thanksgiving Day and Christmas Day. Typically, BJ Con-Sew observes other vacation days during the Christmas and Independence Day holidays, but the length of those days are subject to business conditions. Human Resources will advise and post notification of your holidays and/or vacations.

### LEAVES OF ABSENCE:
BJ Con-Sew provides leaves of absence to eligible Employees for a variety of reasons: Medical Leave, Family Leave, Parental Leave (birth, adoption or state-approved placement of a child

3

computer monitoring, telephone monitoring and camera monitoring.

## EMPLOYEE CONDUCT AND WORK RULES:

To ensure orderly operations and provide the best possible work environment, BJ Con-Sew expects Employees to follow rules of conduct that will protect the interests and safety of all Employees and the organization. YOU ARE EXPECTED TO COMPLY WITH THESE RULES. It is not possible to list all the rules or the forms of behavior that are considered unacceptable in the workplace. The following are examples of infractions of rules of conduct that may result in disqualification, suspension, or disciplinary action, up to and including termination of employment.

- Excessive Unexcused Tardiness or Absenteeism (determined by Management)
- Insubordination, including refusing a work order or other disrespectful conduct
- Fighting, horseplay, or threatening violence in the workplace (including use of obscene, abusive or threatening language or gestures)
- Negligence, or improper conduct leading to damage of employer-owned or customer-owned property
- Working under the influence of alcohol, illegal drugs, or abuse of prescription drugs
- Possession, distribution, sale, transfer, or use of alcohol or illegal drugs in the workplace, while on duty, or while operating employer-owned vehicles or equipment
- Theft or inappropriate removal or possession of Company or another Employee's property.
- Possession of dangerous or unauthorized materials, such as explosives, weapons or firearms on Company property.
- Sexual harassment or other prohibited harassment or intimidation
- Unauthorized use of the telephones, computers, or other Company-owned equipment
- Leaving work area or break areas unclean or untidy.
- Abuse of company property for personal business.
- Violation or non-compliance with the Company's Electronic Policies (improper use of computers, email and/or the internet)
- Falsification of record or Company documents, including time records
- Smoking in prohibited areas
- Unauthorized absence from workstation during the workday, including visiting other areas in the plant, except when on Company business.
- Leaving your workstation or the plant without authorization (walking off the job)
- Entering the plant without permission outside of normal working hours
- Unauthorized use of company vehicles or equipment
- Sleeping on the job or other unsatisfactory performance or conduct
- Violation of personnel policies
- Any other acts, which severely limit the Employee's or co-worker's ability to perform the essential elements of the job.

**DISCIPLINE:**
Disciplinary action for violating plant rules and guidelines will depend on the nature of the offense and may vary from a counseling session for minor offenses or omissions to a written warning or termination for more serious violations or repeat offenses. Immediate termination without previous warning can result from major violations of Company rules. Termination can also result from repeated infractions or continued misconduct.

**GRIEVANCE PROCEDURE/PROBLEM RESOLUTION:**
BJ Con-Sew encourages Employees to address and amicably resolve differences amongst themselves whenever possible, if the concern involves a fellow colleague, or to discuss concerns informally with their supervisors, if the concerns involve Company action. However, when amicable resolution does not seem likely, BJ Con-Sew has established grievance procedures to formally investigate issues or concerns. Below are steps for filing a grievance:

1. Request form from Human Resources.
2. Complete the Grievance Report Form (in writing) and return to Human Resources. At the Employee's request, either Human Resources or the Employee's supervisor can help the Employee complete the form.
3. The supervisor, Human Resources or General Manager will conduct any meetings needed to obtain all facts.
4. The supervisor will report initial recommendations, consult with the necessary members of management, and then decide what response to the grievance is appropriate. This will be noted on the Grievance Report Form.
5. The supervisor and/or General Manager will meet with the grievant and explain the results of the investigation and the Company's decision.

**SEXUAL HARRASSMENT AND OTHER PROHIBITED HARRASSMENT:**
BJ Con-Sew is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based not just on an individual's sex, but also on an individual's race, color, national origin, age, ethnicity, religion, physical or mental disability, sexual orientation, veteran's status, or any other legally protected characteristic, will not be tolerated.

Sexual harassment is defined as unwanted sexual advances, or visual, verbal, or physical conduct of a sexual nature. This definition includes many forms of offensive behavior and includes gender-based harassment of a person of the same sex as the harasser.

If an Employee experiences or witnesses sexual or other prohibited harassment in the workplace, he/she should report it immediately to Human Resources or another member of management, (Todd or Lori Trotter). BJ Con-Sew will not retaliate or take punitive action against anyone who brings a question or complaint under this policy or who participates as a witness in an investigation.

All allegations of prohibited harassment will be promptly and discreetly investigated. To the extent possible, the identities of the complainant, any witnesses, and the alleged harasser will be

9

Case 1:11-cv-00450-WO-LPA   Document 21   Filed 08/24/12   Page 14 of 16

protected against unnecessary disclosure. When the investigation is completed, the complainant and the alleged harasser will be informed of the outcome of the investigation.

### WORKPLACE VIOLENCE PREVENTION:
In any gathering of people, disputes and differences will occur. BJ Con-Sew encourages Employees to address and amicably resolve these differences amongst themselves whenever possible. However, when amicable resolution does not seem likely, Employees are encouraged to bring their disputes or differences with other Employees to the attention of their supervisors or Human Resources rather than allowing the situation to escalate into (potential) violence.

Employees are expected to refrain from fighting, "horseplay," or other conduct that may be dangerous to others. Firearms, weapons, and other dangerous or hazardous devices or substances are prohibited from the premises of BJ Con-Sew without proper authorization by the Company. All threats of (or actual) violence, both direct and indirect, should be reported as soon as possible to your immediate supervisor or any other member of management. This includes threats by Employees, as well as threats by customers, vendors, solicitors, or other members of public. All suspicious individuals or activities should also be reported as soon as possible to a supervisor or to Human Resources.

Anyone determined to be responsible for threats of (or actual) violence or other conduct that is violation of these guidelines will be subject to prompt disciplinary action up to and including immediate termination of employment.

### DRUG AND ALCOHOL USE:
It is BJ Con-Sew's desire to provide a drug-free, healthful and safe workplace. To promote this goal, Employees are required to report to work in appropriate mental and physical condition to perform their jobs in a satisfactory manner.

While on BJ Con-Sew premises and while conducting business-related activities off BJ Con-Sew premises, no Employee may use, possess, distribute, sell or be under the influence of illegal drugs. The legal use of prescribed drugs is permitted on the job only if it does not impair an Employee's ability to perform the essential functions of the job effectively and in a safe manner that does not endanger other individuals in the workplace. The use, possession, distribution, sale or performance under the influence of alcohol is prohibited on BJ Con-Sew premises.

Violations of this policy may lead to disciplinary action, up to and including termination of employment.

### RESIGNATION:
Resignation is a voluntary act initiated by the Employee to terminate employment with BJ Con-Sew. Although advance notice is not required, BJ Con-Sew requests at least 2 weeks resignation notice from all Employees and prefers the resignation in writing.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

U.S. EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
      Plaintiff, )
) CIVIL ACTION NO. 1:11-cv-00450
v. )
)
B.J. CON/SEW CORP. d/b/a B.J. CON-SEW, )
INC. )
)
      Defendant. )
)

# EMPLOYEE NOTICE

1.     This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and B.J. Con/Sew Corporation, in a national origin harassment case under Title VII of the Civil Rights Act of 1964. Specifically, the EEOC alleged that B.J. Con/Sew Corp. subjected a Hispanic employee, Jason Ramirez, to a hostile work environment based on his Hispanic national origin. The EEOC also alleged Ramirez resigned because of the harassment.

2.     Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) disability, or sexual orientation. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.     B.J. Con-Sew denied the allegations of the lawsuit. Nevertheless, B.J. Con/Sew Corporation agrees to comply with such federal laws in all respects. Furthermore, it will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

        Equal Employment Opportunity Commission
        1801 L Street, N.W.
        Washington, DC 20507
        TEL: 1-800-669-4000
        TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2015.

                                                                                                                      **Exhibit C**